UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

    v.

MARK RUFENER, et. al.,

               Defendants.

Case No. C17-5627 BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

Plaintiff Larry Lloyd, proceeding pro se and in forma pauperis, filed a proposed civil rights complaint. The Court declines to serve the complaint because plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. However, the Court will give plaintiff an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before October 20, 2017**. Additionally, Plaintiff filed a motion for a copy of his original complaint on August 24, 2017. Dkt. 7. Plaintiff's motion is **GRANTED**. However, to receive any future copies from the Court, plaintiff must pay $0.50 per page.

**BACKGROUND**

Plaintiff is incarcerated at Kitsap County Jail (KCJ). He sues Mark Rufener, KCJ Chief; ConMed Healthcare Management, Inc.; and "Nurse Senovia," purportedly a contract employee with ConMed who provides healthcare services at the KCJ Medical Facility. Plaintiff makes three overarching claims. First, plaintiff alleges that Mr. Rufener has "cultivated a policy or

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

custom" that chills his right to file grievances. Dkt. 9, at 28. Second, plaintiff alleges that Nurse Senovia demonstrated deliberate indifference to his medical needs. Dkt. 9, at 20. Third, plaintiff alleges that Nurse Senovia withheld pain medication from him as retaliation for filing grievances. Dkt. 9, at 21. More specifically, plaintiff states that prior to incarceration, orthopedic surgeon Dr. James Allen prescribed him pain medication for a leg injury. Dkt. 9, at 15. Plaintiff alleges that when he arrived at KCJ in April 2017, he requested ice and a blanket to help with the swelling in his leg. *Id*. When Nurse Senovia did not respond to his request for several weeks, plaintiff filed another grievance. Dkt. 9, at 16. Plaintiff further alleges that Nurse Senovia withheld his pain medication following the grievance, only reinstating it four days later. Dkt. 9, at 18. Plaintiff states that this happened on several instances. Dkt. 9, at 22. Plaintiff further states that he filed two grievances that are still pending. Dkt. 9, at 28.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Personal Participation

Plaintiff's complaint fails to state a cognizable claim against Mr. Rufener and against ConMed Healthcare. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff names Mark Rufener, Chief of the Kitsap County Jail, and alleges generally that Mr. Rufener has "cultivated a policy or custom" that chills his right to file grievances. Dkt. 9, at 28. He also names ConMed Healthcare presumably because Nurse Senovia is employed by this company. *Id.* Plaintiff fails to clearly state the alleged wrong-doing of each of these defendants. For instance, plaintiff presents no facts regarding Mr. Rufener's alleged "policy or custom" and fails to describe what the policy entails or how it chills his ability to file grievances. Rather, his complaint demonstrates the opposite: in his complaint, he states that he has in fact filed a vast number of grievances. Furthermore, plaintiff cannot bring § 1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff must describe who violated his rights, when they violated his rights, and how this violation caused him harm. Absent such allegations, the individuals named in the complaint will be dismissed.

**B. Nurse Senovia**

Plaintiff makes two claims against Nurse Senovia. First, plaintiff alleges that Nurse Senovia was deliberately indifferent to his medical needs by not providing him with ice and a blanket for his leg, as well as delaying his pain medication. Dkt. 9, at 20. Second, plaintiff alleges that Nurse Senovia retaliated against him by withholding his pain medication for several days each time he has filed a grievance. Dkt. 9, at 18. Plaintiff's retaliation allegation states a cognizable claim; however, the deliberate indifference claim does not.

### 1. Deliberate Indifference

Plaintiff has failed to state a § 1983 claim for a constitutional violation based on the lack of medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060). To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *see also McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Additionally, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff alleges that he was seen by an outside orthopedic surgeon, Dr. Allen, who prescribed him with Naproxin. Dkt. 9, at 15. Plaintiff alleges that Defendant Nurse Senovia is deliberately indifferent to his needs because she failed to provide him with ice and a blanket and an x-ray for his leg, as well as causing several delays in pain medication. Plaintiff also claims that this was contrary to Dr. Allen's suggestions. *Id.* As noted above, a claim for medical

malpractice or negligence cannot support a claim for relief under § 1983. Plaintiff has not presented sufficient facts to demonstrate a viable claim for relief, and not merely a difference of opinion between Dr. Allen and the healthcare provided at KCJ. In fact, plaintiff states that Nurse Senovia's response to one of his initial grievances was that "once a person enter the KCJ, [they] are under [its] provider's care. KCJ is not obligated to follow outside orders since those prescribers do not have prescribing privileges [at KCJ]." Dkt. 9, at 17. As pled, plaintiff's complaint does not set forth enough factual information to show more than negligence, or a difference of opinion between Nurse Senovia and Dr. Allen.

   **2. Retaliation**

Plaintiff further alleges that Nurse Senovia withheld pain medication from him each time he has filed a grievance. Dkt. 9, at 24. Plaintiff contends that this conduct constitutes retaliation, violating his First Amendment rights. *Id*. The facts pled in the complaint are sufficient to state a claim for relief under § 1983.

However, due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before October 20, 2017**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of the

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

problematic claims described above: Mark Rufenor, ConMed, and deliberate indifference by Nurse Senovia.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order, a copy of his original civil rights complaint (Dkt. 9), and the *Pro Se* Information Sheet.

Dated this 20th day of September, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 7