UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

v.

MARK RUFENER, et al.,

                Defendants.

Case No. C17-5627 BHS-TLF

ORDER GRANTING MOTION FOR STAY OF DISCOVERY AND STRIKING UNAUTHORIZED SUR-REPLY

Before the Court is the motion of defendants Fitzwater and Lewis for a stay of discovery. Dkt. 51. Defendants seek a temporary stay of discovery until the resolution of their pending motion to dismiss, Dkt. 30. Plaintiff opposes the motion for a stay, arguing that his discovery requests are relevant and that a stay might prejudice the parties' ability to meet the December 14, 2018 discovery cutoff in this case. Dkt. 53. For the reasons stated below, the Court grants the motion to stay discovery.

Defendants seek only a temporary stay of discovery until their motion to dismiss is decided, arguing that resolution of the motion might narrow the scope of plaintiff's claims and thus the appropriate scope of discovery. Dkt. 51. Plaintiff's response primarily argues that his discovery requests are within the scope of Fed. R. Civ. P. 26(b)(1). Dkt. 53 at 7-9.[1] However, the issue here is not whether discovery should be compelled or limited; it is whether it should be

---

[1] Plaintiff also expresses displeasure that defendants did not make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) or schedule an initial discovery conference pursuant to Fed. R. Civ. P. 26(f), but his concern is misplaced. Dkt. 53 at 6. Those Rules, and those procedures, do not apply in a case like this one where the plaintiff is a prisoner proceeding *pro se*. Fed. R. Civ. P. 26(a)(1)(B)(iv).

ORDER GRANTING MOTION FOR STAY OF
DISCOVERY AND STRIKING UNAUTHORIZED SUR-
REPLY - 1

temporarily postponed. In other words, only the timing of discovery is at issue in defendants' motion, not its scope.

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Here, a brief stay of discovery will facilitate the orderly and efficient progress of this case. The stay defendants seek is temporary—only until the Court rules on the pending motion to dismiss. If the motion to dismiss is denied in whole or in part, discovery will proceed. If at that point the parties disagree on the scope of discovery, they must confer and attempt to resolve their differences, and then they may request that the Court limit or compel discovery. Fed. R. Civ. P. 26(c), 37(a).

Plaintiff also argues that a stay could be prejudicial due to the December 14, 2018 discovery cutoff in this case. Dkt. 53 at 9. This is unlikely, as the stay will be of a brief duration. However, if additional time is needed to complete discovery after the motion to dismiss is decided, either party may, after the stay is lifted, bring a motion to extend the deadline.

Finally, the Court notes that plaintiff has filed an unauthorized surreply brief. Dkt. 60. The Local Rules for the Western District of Washington do not permit a response to a moving party's reply. The only briefing authorized on a motion is an opening brief, an opposing party's response, and the moving party's reply to the response. LCR 7(b)(1), (2) and (3). The Court notes, in addition, that the unauthorized surreply simply repeats arguments already made in plaintiff's opposition, Dkt. 53, and that it was filed 11 days after the noting date of the motion. The unauthorized surreply, Dkt. 60, is therefore **stricken**.

It is therefore **Ordered** as follows:

(1) Discovery in this case is **stayed** until the issuance of an order deciding the motion to dismiss brought by defendants Fitzwater and Lewis, Dkt. 30;

(2) The Clerk shall **strike** plaintiff's Response to Defendants' Reply, Dkt. 60;

ORDER GRANTING MOTION FOR STAY OF DISCOVERY AND STRIKING UNAUTHORIZED SUR-REPLY - 2

(3) The Clerk shall provide a copy of this order to the parties.

Dated this 12th day of September, 2018.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION FOR STAY OF DISCOVERY AND STRIKING UNAUTHORIZED SUR-REPLY - 3