UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

          Plaintiff,

  v.

MARK RUFENER, et al.,

          Defendants.

CASE NO. C17-5627 BHS-TLF

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 82, Defendants Fitzwater and Lewis's ("Defendants") objections to the R&R, Dkt. 83, and Plaintiff Larry Lloyd's ("Lloyd") objections to the R&R, Dkt. 84.

On January 9, 2019, Judge Fricke issued the R&R recommending that the Court deny Lloyd's motion for a preliminary injunction and grant Defendants' motion to dismiss. Dkt. 82. Judge Fricke recommended that some claims be dismissed with prejudice and that some claims be dismissed without prejudice and with leave to amend. *Id.* On January 23, 2019, Defendants filed objections. Dkt. 83. On January 28, 2019, Lloyd filed objections. Dkt. 84. On January 29, 2019, Lloyd responded to Defendants'

objections. Dkt. 85. On February 1, 2019, Defendants responded to Lloyd's objections. Dkt. 86. On February 13, 2019, Lloyd replied to Defendants' response. Dkt. 88.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### 1. Defendants' Objections

Defendants object to the portion of the R&R recommending that Lloyd be allowed leave to amend his medical indifference claims against them. Defendants concede that, in order to prevail on this argument, they must show that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Dkt. 83 at 3 (citing *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)). The Court finds that Defendants have failed to establish the absolute clarity of Lloyd's failed claim. At most, Defendants establish a strong argument that Lloyd's claim may not survive a motion to dismiss, which does not rise to the level necessary to deny Lloyd leave to amend. Therefore, the Court adopts the R&R on this issue.

### 2. Lloyd's Objections

Lloyd objects to the R&R's recommendations that the Court dismiss Lloyd's Fourteenth Amendment due process claim and First and Fourteenth Amendment access to the courts claim with prejudice. Dkt. 84. First, Lloyd argues that he has stated a valid due process claim based on Defendants' failure to accept or process his grievances. *Id.* at 3–9. Contrary to Lloyd's position, the law is clearly established that there is no

constitutional right to a grievance system. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Thus, Lloyd's argument is without merit.

Lloyd also argues that he was a pretrial detainee instead of a prisoner, which affords him more protections. Dkt. 84 at 7. Lloyd, however, improperly seeks to extend the law applicable to medical claims under the Eighth and Fourteenth Amendments. *See Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1189 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) ("It is quite possible, therefore, that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."). Thus, the Court adopts the R&R on the dismissal of Lloyd's Fourteenth Amendment due process claim.

Second, Lloyd objects to the R&R's recommendation that the Court dismiss his First and Fourteenth Amendment access to the courts claim. Dkt. 84 at 10–16. The problem with Lloyd's argument is that he conflates the allegations of failure to accept a grievance with retaliation for filing a grievance. A claim based on the former requires an actual injury, *Lewis v. Casey*, 518 U.S. 343, 346 (1996), whereas a claim based on retaliation requires allegations establishing that the government actor's actions chilled the inmate's exercise of his rights, *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). In this case, Lloyd alleges only that Defendants' failure to accept his claim prevented him from exhausting his claim. Judge Fricke concluded that this is not an actual injury sufficient to state a claim because Lloyd may overcome the exhaustion

requirement by establishing that Defendants interfered with his attempt to exhaust. Dkt. 82 at 10–11. Thus, Lloyd has failed to allege an actual injury. The Court agrees with this analysis and adopts the R&R on this issue.

Therefore, the Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion to dismiss is **GRANTED**; and

(3) Lloyd may file an amended complaint as set forth in the R&R.

Dated this 7th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge