UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

    v.

SGT FITZWATER, et al.

                Defendants.

Case No. C17-5627-BHS-TLF

REPORT AND RECOMMENDATION

Noted for **AUGUST 16, 2019**

    Before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. 92) based on plaintiff's failure to file an amended complaint pursuant to the Court's order dated May 7, 2019 (Dkt. 91).

    On January 9, 2019, this Court issued a Report and Recommendation recommending that defendants' motions to dismiss be granted and plaintiff's claims be dismissed. Dkt. 82. The Report and Recommendation further recommended that plaintiff be granted leave to file an amended complaint, within thirty (30) days of the order adopting the report and recommendation, only with respect to his claim of inadequate medical care by defendants Fitzwater and Lewis. *Id.* On February 7, 2019, prior to the adoption of the Report and Recommendation, plaintiff filed a second amended complaint only with respect to his claim of inadequate medical care by defendants Fitzwater and Lewis. Dkt. 87.

    On March 20, 2019, plaintiff filed a letter notifying the Court that he had been transferred to Snohomish County Jail and that he did not have access to his legal files and would notify the

REPORT AND RECOMMENDATION - 1

1  Court when he had retrieved them. Dkt. 90. The Court has received no further information to

2  date regarding plaintiff's access to his files but notes that plaintiff subsequently filed a notice of

3  change of address which appears to indicate he is no longer in jail custody. Dkt. 89.

4        On May 7, 2019, Hon. Benjamin H. Settle issued an order adopting the January 9, 2019,

5  Report and Recommendation. Dkt. 91. On June 13, 2019, defendants filed a motion to dismiss

6  based on plaintiff's failure to file a second amended complaint within thirty (30) days of the

7  Court's May 7, 2019, order. Dkt. 92. Plaintiff has not responded to the motion to dismiss.

8        Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with

9  … a court order, a defendant may move to dismiss the action or any claim against it." However,

10 in this case, while plaintiff's second amended complaint was technically filed prior to the Court's

11 order adopting the Report and Recommendation, it does appear to comply with the Court's order

12 that plaintiff file a second amended complaint only with respect to his claim of inadequate

13 medical care by defendants Fitzwater and Lewis. Accordingly, in the interests of justice and in

14 light of the Court's general preference that cases be decided on the merits, the undersigned

15 recommends the following:

16     1) The Court should DENY defendants' motion to dismiss (Dkt. 92) and construe the

17        second amended complaint (Dkt. 87) as in substantial compliance with the Court's

18        Order Adopting Report and Recommendation (Dkt. 91, filed on May 7, 2019).

19     2) The Court should direct the second amended complaint (Dkt. 87) be entered as the

20        operative complaint; the Court should also direct defendants to file a new responsive

21        pleading in accordance with the Federal Rules of Civil Procedure and Local Rules.

22       The parties have **fourteen (14) days** from service of this Report and Recommendation to

23 file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

24

25

72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 16, 2019**, as noted in the caption.

Dated this 30th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge