UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>                Plaintiff,<br>   v.<br><br>SGT. FITZWATER, et al.,<br><br>                Defendants. | Case No. C17-5627-BHS-TLF<br><br>ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION AND DEFENDANTS' MOTION TO STAY DISCOVERY |

This matter comes before the Court on plaintiff's "motion for clarification terminating stay of discovery and possible order directing defendants to engage in settlement negotiations" (Dkt. 105) and defendants' motion to stay discovery pending resolution of defendants' motion to dismiss (Dkt. 106).[1]

The Court previously stayed discovery in this case pending ruling on plaintiff's first motion to dismiss. Dkts. 30, 62. Defendants' first motion to dismiss was subsequently granted and the amended complaint dismissed but plaintiff was given leave to file a second amended complaint with respect to his claims related to

---

[1] The Court notes that plaintiff also includes a vague allegation that defendants have allegedly denied him photocopying services, interfering with his access to the courts. But plaintiff does not request any specific relief. Plaintiff has not moved to amend his complaint to include these claims, nor does he identify any actual injury caused by this alleged interference. See *Lewis v. Casey*, 518 U.S. 343 (1996) (holding a prisoner must show some actual injury resulting from a denial of access to the court, meaning "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.").

ORDER ON PLAINTIFF'S MOTION FOR
CLARIFICATION AND DEFENDANTS' MOTION TO
STAY DISCOVERY - 1

1  inadequate medical care against two defendants, C/O Lewis and Sgt. Fitzwater. Plaintiff
2  filed a second amended complaint (Dkt. 87) and defendants filed a second motion to
3  dismiss which is currently pending before the Court (Dkt. 103). Plaintiff subsequently
4  filed the instant "motion for clarification terminating stay of discovery and possible order
5  directing defendants to engage in settlement negotiations[.]" Dkt. 105. Defendants
6  opposed that motion and moved to stay discovery pending resolution of their second
7  motion to dismiss (Dkt. 106).

8      In his motion, plaintiff requests clarification as to whether the Court's previous
9  stay on discovery is now terminated in light of the order on defendants' first motion to
10 dismiss. Dkt. 105. Plaintiff also asks that the defendants be directed to engage in
11 settlement negotiations. *Id.* Defendants oppose plaintiff's motion and move to stay
12 discovery again pending resolution of their second motion to dismiss. Dkt. 106.
13 Defendants argue that plaintiff's second amended complaint still fails to state a valid
14 claim for relief and that defendants cannot properly assess the scope of discovery until
15 he has done so. *Id.* Defendants argue that all of plaintiff's claims may ultimately be
16 dismissed if their second motion to dismiss is granted. *Id.* Accordingly, defendants
17 argue the "just, speedy, and inexpensive determination of this action supports an order
18 staying discovery pending ruling on defendants' second motion to dismiss." *Id.* Plaintiff
19 did not file opposition to defendants' motion to stay.

20     A district court has wide discretion in controlling discovery. *Little v. City of*
21 *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Here, the Court finds a stay of discovery will
22 facilitate the orderly and efficient progress of this case. The stay defendants seek is
23 temporary—only until the Court rules on the pending motion to dismiss. If the motion to
24
25 ORDER ON PLAINTIFF'S MOTION FOR
   CLARIFICATION AND DEFENDANTS' MOTION TO
   STAY DISCOVERY - 2

dismiss is denied in whole or in part, discovery will proceed. If at that point the parties disagree on the scope of discovery, they must confer and attempt to resolve their differences, and then they may request that the Court limit or compel discovery. Fed. R. Civ. P. 26(c), 37(a).

The Court finds a further stay of discovery is appropriate pending resolution of defendants' second motion to dismiss. Accordingly, defendants' motion to stay (Dkt. 106) is GRANTED and discovery in this case is **stayed** until the issuance of an order deciding the second motion to dismiss (Dkt. 103) brought by defendants Fitzwater and Lewis. The branch of plaintiff's motion seeking clarification of the status of the discovery stay (Dkt. 105) is deemed MOOT in light of the Court's order granting defendants' motion for a further stay of discovery. The branch of plaintiff's motion asking the Court to compel defendants to engage in settlement negotiations (Dkt. 105) is DENIED. Plaintiff cites no legal authority to support this request. The parties are free to engage in settlement discussions if they believe it is appropriate to do so but there is no basis for the Court to compel either party to do so at this stage.

The Clerk is directed to provide a copy of this order to both parties.

Dated this 15th day of April, 2020.

Theresa L. Fricke
United States Magistrate Judge